The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
Defendants have moved to dismiss plaintiff's appeal to the Full Commission due to plaintiff's failure to file a brief in support of his Form 44 or to give oral arguments with regard to the appeal. Pursuant to Rule 801 of the North Carolina Workers' Compensation Rules, in the interest of justice and noting plaintiff's pro se status, the technical appeal rules are waived, and defendants' motion is HEREBY DENIED. The undersigned thus proceed to consider plaintiff's appeal.
Upon much detailed reconsideration of the evidence as a whole, however, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with minor technical modifications.
The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
* * * * * * * * * * *
Accordingly, based upon the competent, credible, and convincing evidence adduced at the hearing, the undersigned make the following
FINDINGS OF FACT
1. Plaintiff is a 41 year old single male with an eleventh grade education, who did not have an antecedent history of problems with his non-dominant left upper extremity prior to the date in question. He was employed by defendant-employer for almost eleven years and when injured was a dough maker responsible for making pizza dough. This job required him to move an approximately twelve hundred pound steel dough bowl about the premises by hand.
2. On February 11, 1993, in the process of attempting to move the steel bowl about the premises by hand as part of his duly assigned ordinary employment duties, plaintiff experienced an interruption of his normal work routine and the introduction of unusual conditions likely to result in unexpected consequences. The left hand injury giving rise to this claim occurred when the steel dough bowl caught in a drain in the floor, and plaintiff jammed his hand.
3. The only treatment that plaintiff initially received for his injury was on one occasion when he was seen that same morning at Rex Hospital's Emergency Room, where he was provided with a splint to wear. Despite the injury, plaintiff was able to continue regularly working for defendant-employer until he was terminated from its employ more than a year later for reasons unrelated to his injury. Although in the interim plaintiff continued to experience some problems with his hand, which did not prevent him from working; he did not seek further medical treatment for them.
4. In December of 1995, after he had begun working for another employer, Pottery Industrial, and developed a ganglion cyst in his left wrist two to three weeks earlier, plaintiff returned to Rex Hospital's Emergency Room and was subsequently referred to an orthopedic surgeon, Dr. Ronald Epner of Cary. Dr. Epner saw him on two occasions, December 19, 1995 and January 16, 1996, and diagnosed a left wrist dorsal ganglion cyst as well as left biceps and rotator cuff tendonitis. However, Dr. Epner did not indicate whether either or both conditions were the result of plaintiff's February 11, 1993 hand injury. Further there is no competent, convincing or credible medical evidence of record that the conditions are related.
5. Assuming, arguendo, that plaintiff's continuing problems with his non-dominant left upper extremity and for which he is now seeking compensation and medical compensation benefits are the result of the February 11, 1993 injury giving rise hereto; he did not file his claim with the North Carolina Industrial Commission asking for these same benefits until December 28, 1995. This was clearly more than two years following his involved injury and then only after developing further hand and arm problems resulting in him seeking additional medical treatment. Therefore, the North Carolina Industrial Commission, which had not entered a prior Award in the claim, lacks jurisdiction over the involved claim pursuant to the provisions of G.S. 97-24(a) unless defendants are guilty of conduct such as would equitably estop them from asserting such statutes' bar.
There is, however, no credible or convincing evidence of record that defendant-employer, its carrier or servicing agent, were guilty of any acts, conduct or representations such as would equitably estop them from asserting the jurisdictional bar of G.S.97-24(a).
* * * * * * * * * * * * * *
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission has not entered a prior Award of compensation and/or medical compensation benefits for the February 11, 1993 injury involved. Plaintiff has not filed any claim for compensation and/or medical compensation benefits within two years following the date of injury with the Industrial Commission as prescribed by the terms of G.S. § 97-24(a), which is a condition precedent to plaintiff's right to seek benefits and is thus jurisdictional in nature. There is further no credible or convincing evidence of record of any acts, conduct or representations by or in behalf of defendant-employer, defendant-carrier, or its servicing agent such as would equitably estop them from reliance on the same statutes' bar. Therefore, the Industrial Commission lacks jurisdiction over plaintiff's claim for compensation and/or medical compensation benefits on account of his February 11, 1993 injury because he did not file the claim until December 28, 1995, more than two years following the same injury. G.S. § 97-24(a).
* * * * * * * * * * * * * *
The foregoing stipulations, findings of fact and conclusions of law engender the following
ORDER
1. The above-captioned claim must be and is HEREBY DENIED and the same DISMISSED with prejudice because plaintiff did not file it within two years after the date of his injury pursuant to the provisions of G.S. § 97-24(a) and as a result the Industrial Commission lacks jurisdiction over it.
2. Each side shall bear its own cost.
This case is HEREBY REMOVED from the Full Commission hearing docket.
This the _____ day of ____________________, 1997.
 S/ _______________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________ LAURA K. MAVRETIC COMMISSIONER
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
JHBjr/abk